# In re ORAL TESTIMONY OF A WITNESS SUBPOENAED PURSUANT TO A CIVIL INVESTIGATIVE DEMAND NO. 98–19.

No. 98–19.

United States District Court,
E.D. Virginia,
Newport News Division.

April 23, 1998.

D., upon which the Texas court could act.

## ORDER

BRADBERRY, United States Magistrate Judge.

This matter is before the Court on the petition of the United States for an order to enforce a civil investigative demand (hereinafter "CID") issued pursuant to 31 U.S.C. § 3733 of the False Claims Act (FCA) to a former employee of Newport News Shipbuilding & Dry Dock Company (hereinafter "NNS") and to compel his testimony in response to the CID outside of the presence of counsel for NNS. The caption of the petition has been changed by the Court to redact the name of the individual employee who is the subject of the demand.

The purpose of the statute, also known as the False Claims Act (FCA), "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S.Rep. No. 99–345, 1986 WL 31937, at *2 (1986). Pursuant to the statute, the Attorney General of the United States issued a CID to a former employee of NNS for the purpose of investigating allegations that NNS "knowingly withheld accurate, complete and current cost and pricing data from Navy representatives during its proposal and negotiation of" the contract for the construction of the nuclear carrier *Ronald W. Reagan.* CID No. 98–19.

Pursuant to the demand, the employee and retained counsel appeared for a deposition on April 21, 1998. At the deposition, the employee was also accompanied by James J. Graham, Esq. and John G. DeGooyer, Esq., outside counsel for NNS. Counsel for the United States, conducting the investigation, objected to the presence of counsel for NNS, but the employee's counsel would not permit him to answer questions propounded by counsel for the United States until certain matters involving the right of NNS counsel to be present were resolved. When they could not be resolved, the matter was brought to this Court.

It is the position of the United States that they are entitled to conduct their investigation in this and similar cases, in the form of deposing selected witnesses, without the presence of outside counsel for the government contractor being investigated. The employee, by counsel, on the other hand, has relied upon the provisions of 31 U.S.C. § 3733(a)(2)(D)(iv) which states, in part, "[i]f such demand is for the giving of oral testimony, the demand shall—(iv) notify the person receiving the demand of the right to be accompanied by an attorney and any other representative," and asserts that outside counsel for NNS constitute "any other representative" whose presence he has the right to request. Neither side was able to cite cases in support of their respective positions, and it appears to be a case of first impression.

The legislative history for the statute reveals that in 1986, in response to significant claims of contractor fraud, Congress elected to amend the FCA which had "not been amended in any substantial respect since signed into law in 1863." S.Rep. No. 99–345, 1986 WL 31937, at *2 (1986). Incorporated in the amendments was the language currently existing in 31 U.S.C. § 3733. The language which Congress adopted allowing the issuance of CID's in contractor fraud cases parallels similar legislation addressing anti-trust matters. As the legislative history notes, "[w]ith the single exception of sharing information with other agencies ... the CID authority granted by the bill is identical to that available to the Antitrust Division, and the Committee intends that the legislative

history and caselaw interpreting that statute (15 U.S.C. §§ 1311–14), fully apply to this bill." S.Rep. No. 99–345, 1986 WL 31937, at *7 (1986). The anti-trust law similarly provides for the assistance of "counsel," (15 U.S.C. § 1312(i)(7)(A)) but does not use the language included in the false claims statutes, 31 U.S.C. § 3733, allowing "any other representative." The term "representative" is not defined in the statute.

Accordingly, the Court is left to interpret congressional intent. A brief perusal of the legislative history makes clear that Congress was concerned about fraud in general and the Defense Department in particular:

> While fraud is obviously not limited to any one Government agency, defense procurement fraud has received heightened attention over the past few years. In 1985, the Department of Defense Inspector General, Joseph Sherick, testified that 45 of the 100 largest defense contractors, including 9 of the top 10, were under investigation for multiple fraud offenses. Additionally, the Justice Department has reported that in the last year, four of the largest defense contractors, General Electric, GTE, Rockwell and Gould, have been convicted of criminal offenses while another, General Dynamics, has been indicted and awaits trial.

*Id.* at 4 (footnotes omitted).

The issuance of a CID is a unique procedure almost, but not quite, akin to a grand jury investigation, and may only be issued on the authority of the Attorney General of the United States, the Deputy Attorney General, or an Assistant Attorney General. 31 U.S.C. § 3733(a)(1). The certificate in this case has been issued by the Attorney General of the United States and appears in every respect to meet the statutory requirements for the issuance of a certificate. As the Court noted in *United States v. Witmer*, 835 F.Supp. 201 (M.D.Pa.1993), "CIDs are a form of administrative subpoena. As a general rule, proceedings to enforce administrative subpoenas are summary." *Id.* at 205 (citations omitted). The Court was dealing with the efforts of the recipient of a CID to enforce discovery against the United States as a precondition of responding to the CID issued to him. In rejecting that out of hand, the Court noted

> [T]hat Congress did not intend to displace the summary proceedings generally employed in proceedings to enforce administrative proceedings. To the extent that Congress intended the Federal Rules of Civil Procedure to govern these proceedings they were meant primarily to protect recipients from having to face vexatious or onerous requests for discovery or from being required to disclose privileged information.

*Id* at 206–07.

In this particular case, it is not discovery that is sought by the recipient of the CID. Instead, the employee seeks to inject into the investigatory proceeding, under the guise of "any other representative," attorneys retained as outside counsel to protect the interests of NNS. The attempt flies squarely in the face of the statutory language which provides:

> The false claims law investigator conducting the examination shall exclude from the place where the examination is held all persons except the person giving the testimony, the attorney for and any other representative of the person giving the testimony, the attorney for the Government, any person who may be agreed upon by the attorney for the Government and the person giving the testimony, the officer before whom the testimony is to be taken, and any stenographer taking such testimony.

31 U.S.C. § 3733(h)(2).

To permit the interpretation advanced by the employee subpoenaed pursuant to lawfully issued CID would require the Court to ignore congressional concerns, disregard the legislative history, and eviscerate the statute. The end result would be profound disruption to the government's ability to investigate contractor fraud.

For the foregoing reasons, the petition of the United States to proceed pursuant to CID No. 98–19 and examine the former employee of NNS who is the subject of the CID out of the presence of outside counsel re-

tained to represent the interests of NNS is GRANTED.

The Clerk is DIRECTED to seal the file, including the petition filed in open court; the CID furnished to the Court; and the copy of the partial deposition of the employee dated April 21, 1998, and faxed to the Court prior to the hearing. However, this Order is not under seal and may be published.

The Clerk is DIRECTED to mail a copy of this Order to all counsel of record.